Approved: _____
WON S. SHIN
Assistant United States Attorney

**ORIGINAL**

Before: THE HONORABLE SARAH NETBURN
United States Magistrate Judge
Southern District of New York

**15 MAG 0246**

- - - - - - - - - - - - - - - - - - - - X
:
UNITED STATES OF AMERICA : SEALED COMPLAINT
:
: Violations of 18 U.S.C.
-v- : §§ 2252A(a)(1),
: (a)(2)(B), (a)(5)(B),
KEVIN RUCK, : and (b)(2)
:
Defendant. : COUNTY OF OFFENSES:
: NEW YORK
- - - - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

AARON SPIVACK, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI") and charges as follows:

COUNT ONE
(Transportation of Child Pornography)

1. At least in or about December 2014, in the Southern District of New York and elsewhere, KEVIN RUCK, the defendant, knowingly did mail, and transport and ship using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, child pornography, to wit, RUCK distributed by a computer located in New York, New York, images and videos containing child pornography.

(Title 18, United States Code, Section 2252A(a)(1).)

## COUNT TWO
### (Receipt of Child Pornography)

2.   From at least in or about December 2014, up to and including at least in or about January 2015, in the Southern District of New York, KEVIN RUCK, the defendant, knowingly did receive and distribute material containing child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, RUCK received on a computer located in New York, New York, files containing images and videos containing child pornography, that were downloaded from the Internet.

(Title 18, United States Code, Section 2252A(a)(2)(B).)

## COUNT THREE
### (Possession of Child Pornography)

3.   From at least in or about December 2014, up to and including at least in or about January 2015, in the Southern District of New York, KEVIN RUCK, the defendant, knowingly did possess, and knowingly did access with intent to view, a book, magazine, periodical, film, videotape, computer disk, and other material containing an image of child pornography that had been mailed, and shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, RUCK possessed images of child pornography, including images of prepubescent minors and minors who had not attained 12 years of age, on a computer located in New York, New York.

(Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).)

   The bases for my knowledge and for the foregoing charges are as follows:

   4.   I have been a Special Agent with the FBI since October 2008, and I have been assigned to investigate violations of criminal law relating to the sexual exploitation of children, in violation of Title 18, United States Code, Section 2252A, among other offenses.

5.  I have been personally involved in the investigation of this matter, and I am familiar with the information contained in this Complaint based on my own personal participation in the investigation, my review of documents, conversations I have had with other law enforcement officers about this matter, my training and experience, and numerous discussions I have had with other law enforcement personnel concerning the creation, distribution, and proliferation of child pornography. Because this Complaint is being submitted for the limited purpose of establishing probable cause to arrest the defendant, I have not included the details of every aspect of the investigation. Where actions, conversations, and statements of others are related herein, they are related in substance and in part, except where otherwise indicated.

### Definitions

6.  The following terms have the indicated meaning in this Complaint:

    a.  The terms "minor," "sexually explicit conduct," and "visual depiction," as used herein, are defined as set forth in Title 18, United States Code, Section 2256.

    b.  The term "child pornography," as used herein, is a visual depiction of a minor involved in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(8).

### The Investigation

7.  From my training and experience, I know, in substance and in part, that:

    a.  Every computer or device on the Internet is referenced by a unique Internet Protocol address ("IP address"). Each time an individual accesses the Internet, the computer from which that individual initiates access is assigned an IP address. A central authority provides each Internet Service Provider ("ISP") a limited block of IP addresses for use by that ISP's customers or subscribers. The IP address can be used to locate the physical location of the computer or network that is assigned that IP address.

    b.  "Peer to peer," or "P2P," networks allow Internet users to collect and share large numbers of files with each other. P2P users can download such files from other P2P users through a P2P network.

c.   Law enforcement has the capability, through the use of certain software tools, to connect directly to an IP address and browse or download from one specific P2P network user.

8.   From my personal involvement in this investigation, my conversations with other law enforcement officers, and my review of law enforcement records, I have learned, in substance and in part, that:

a.   Between on or about December 6, 2014 and on or about December 7, 2014, a law enforcement agent used a software tool to establish a direct connection with a computer using a P2P file sharing client, on the BitTorrent P2P file sharing network, at the Internet Protocol address 68.174.239.220 (the "IP Address"). After establishing this direct connection, the software tool downloaded 650 files that the computer at the IP Address was making available through P2P software, including the following three files:

i.   "isl-025-072" and "isl-025-087" are two images in a series of images depicting a nude prepubescent girl who appears to be between 6 and 7 years old. "isl-025-072" depicts the girl lying on her back with her legs spread apart to expose her vagina. "isl-025-087" depicts a close-up of the girl's vagina and anus.

ii.   "isl-017-081" is one image in a series of images depicting a nude prepubescent girl who appears to be between 6 and 7 years old. "isl-017-081" depicts the girl bending over and exposing her vagina and anus.

b.   On or about December 8, 2014, a law enforcement agent used the same software tool to establish a direct connection with the IP Address and download 574 files that the computer at the IP Address was making available through P2P software, including the following two files:

i.   "ga-214-57" is one image in a series of images depicting a nude girl who appears to be between 11 and 13 years old. "ga-214-57" depicts the girl sitting against a pole with her legs spread apart to expose her vagina and touching her vagina with her fingers.

ii.   "ga-212-38" is one image in a series of images depicting a nude girl who appears to be between 11 and 13 years old. "ga-212-38" depicts the girl lying on the ground and exposing her vagina and anus.

c.  On or about December 13, 2014, a law enforcement agent used the same software tool to establish a direct connection with the IP Address and download 367 files that the computer at the IP Address was making available through P2P software, including the following two files:

i.  "000341" and "000343" are two images in a series of images depicting a nude prepubescent girl who appears to be between 8 and 10 years old.  "000341" depicts the girl sitting with her legs spread apart to expose her vagina.  "000343" depicts a close-up of the girl's vagina.

d.  On or about December 21, 2014, a law enforcement agent used the same software tool to establish a direct connection with the IP Address and download the following file that the computer at the IP Address was making available through P2P software:

i.  "pthc_ptsc jenny_9yo daughter asking for cum, new" is a video depicting a girl who appears to be between 9 and 10 years old.  The video depicts the girl performing oral sex on an adult male and the adult male digitally penetrating the girl's vagina.

e.  On or about December 24, 2014, a law enforcement agent employed the same software tool to establish a direct connection with the IP Address and download 367 files that the computer at the IP Address was making available through P2P software, including the following two files:

i.  "bd-company_full_(Series_1_of_beautiful_pretty_TANYA)_867123" is a video depicting a nude prepubescent girl who appears to be between 8 and 10 years old, spreading her legs to expose her vagina and touching her vagina.

ii.  "Marina2-07-23-03-194" is one image in a series of images depicting a nude prepubescent girl who appears to be between 8 and 10 years old.  "Marina2-07-23-03-194" depicts the girl lying on her back with her legs spread apart to expose her vagina.

f.  On or about December 28, 2014, a law enforcement agent used the same software tool to establish a direct connection with the IP Address and download the following file that the computer at the IP Address was making available through P2P software:

    i. "reallola-issue2-v004 - Dasha or Anya" is a video depicting a girl who appears to be between 10 and 13 years old, undressing until she is fully nude. The girl's breasts and vagina are exposed throughout the video.

 9. From my review of documents and information received from Time Warner Cable, I have learned, in substance and in part, that the account using the IP Address on or around the dates and times described in paragraph 8 above was registered to a subscriber named Kevin Ruck and was associated with a certain physical address in New York, New York (the "Subject Premises").

 10. From my personal involvement in this investigation, I have learned, in substance and in part, that:

  a. On or about January 22, 2015, I and other law enforcement agents executed at the Subject Premises a search warrant authorized by this Court (the "Search Warrant"). The Search Warrant authorized the search and seizure of, among other things, any computer found at the Subject Premises.

  b. KEVIN RUCK, the defendant, was present in the Subject Premises, a studio apartment, when agents arrived to execute the Search Warrant.

  c. After being advised of his <u>Miranda</u> rights, RUCK agreed to speak with law enforcement agents and said, in substance and in part, that:

    i. RUCK has been downloading and viewing child pornography for several years. He is primarily interested in child pornography depicting preteen and teenage girls.

    ii. RUCK downloads files containing child pornography from other users on the BitTorrent P2P file sharing network, using the uTorrent P2P file sharing client.

    iii. RUCK downloads files containing child pornography several times per week. He searches for child pornography using the search terms "LS JPG", "LS MAGAZINE", "LSN", and "BD COMPANY"—terms that I know, from my training and experience, are commonly used by collectors of child pornography to name child pornography files and to locate child pornography.

    iv. RUCK keeps the files containing child pornography that he downloads in a folder on his computer named "Download". He has thousands of files containing child pornography on his computer.

                    v.   RUCK is aware that downloading and possessing child pornography is illegal.

          d.   A laptop computer was recovered from a bed in the Subject Premises. RUCK said the computer belongs to him. An initial forensic review of the computer revealed, in substance and in part, that:

                    i.   The uTorrent P2P file sharing client is installed on the computer.

                    ii.  The computer contains, in a folder named "Download", approximately 24,900 files containing images of either child pornography or child erotica.

                    iii. The computer contains, in the same folder named "Download", approximately 29 files containing videos of either child pornography or child erotica.

                    iv.  Among the files on the computer are the following:

                         1. "gu-012-099" is an image depicting a nude prepubescent girl who appears to be between 7 and 9 years old. "gu-012-099" depicts the girl bending over and exposing her vagina and anus.

                         2. "lsm04-03-060" is an image depicting two nude prepubescent girls, one who appears to be between 11 and 13 years of age and the other who appears to be between 8 and 10 years of age. "lsm04-03-060" depicts the girls bending over and exposing their vaginas and anuses.

                         3. "Sundolls - Arina & Neila - Lesbian" is a video depicting two girls who appear to be between 12 and 14 years of age. The video depicts the girls undressing until they are fully nude, exposing their vaginas and anuses, and engaging each other in oral sex and masturbation.

                         4. "ls-mag 08 Lsm-08-07 Full" is a video depicting two girls who appear to be between 9 and 10 years of age. The video depicts the girls undressing until they are fully nude and exposing their vaginas and anuses.

WHEREFORE, the deponent respectfully requests that KEVIN RUCK, the defendant, be imprisoned or bailed, as the case may be.

AARON SPIVACK
Special Agent
Federal Bureau of Investigation

Sworn to before me this
29th day of January, 2015

THE HONORABLE SARAH NETBURN
United States Magistrate Judge
Southern District of New York